[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-14469
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 12, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 03-00291-CR-RWS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JANINE HARDSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 12, 2005)

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Janine Hardson appeals her 15-month sentence imposed after

pleading guilty to one count of making a false claim against the United States

Treasury, in violation of 18 U.S.C. § 287. On appeal, Hardson argues that in light of *Blakey v. Washington*, 542 U.S. ___, 124 S. Ct 2531, 159 L. Ed. 2d 403 (2004), the district court violated her Fifth and Sixth Amendment rights in enhancing her sentence based on the determination that the tax loss amount is greater than $80,000, but less than $200,000, rather than using the tax loss charged in the indictment and admitted by her of $16,961. Hardson argues that because her sentence was enhanced based upon a fact not charged in the indictment or admitted by her, her sentence was enhanced beyond the constitutionally permissible statutory maximum.

After Hardson filed her appeal, the Supreme Court rendered its decision in *United States v. Booker*, 543 U.S. at ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). In the resulting opinions, the Supreme Court held that "'the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury.'" *United States v. Mahernia*, No. 04-15250, slip op. at 2328 (11th Cir. May 23, 2005) (quoting *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005) (citing *United States v. Booker*, 543 U.S. ___, 125 S.C. 738, 749-56 (2005)).

We have recognized, based on this holding, that the district courts could have made both a constitutional and a statutory error in sentencing defendants pre-*Booker*. *Mahernia*, No. 04-15250, slip op. at 2328. "The constitutional error is the use of extra-verdict enhancements to reach a guidelines result that is binding on the sentencing judge." *Id*. "The statutory error occurs when the district court sentences a defendant under a mandatory guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." *Id*. (internal quotation omitted).

Hardson properly preserved her *Booker* error claim by citing *Blakey* in her pre-sentencing motion to declare the Federal Sentencing Guidelines unconstitutional and in her arguments at the sentencing hearing. *See United States v. Mahernia*, No. 04-15250, slip op. at 2328 (11th Cir. May 23, 2005) (holding that appellant properly preserved *Booker* error claim by citing *Blakey* in his written objection to the PSI and reminding the court at sentencing of his *Blakey* objection). We review a defendant's preserved *Blakey/Booker* claim *de novo* but will reverse and remand only for harmful error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005).

There are two harmless error standards, one applies to *Booker* constitutional errors, the other to *Booker* statutory errors. *Mahernia*, No. 04-15250, slip op. at 2328. "[C]onstitutional errors are harmless where the government can show,

3

"beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence." *Id*. On the other hand, *Booker* statutory errors are subject to the less demanding test that is applicable to non-constitutional errors, that is, "error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect." *Id*. at 2328-29 (internal quotations omitted).

This case concerns both constitutional error and *Booker* statutory error. Hardson disputed any finding that the tax loss was greater than the amount charged in the indictment and admitted by her of $16,961. The district court applied a four-level enhancement, pursuant to U.S.S.G. § 2T4.1, because it determined that the actual amount of tax loss was more than $80,000 and less than $200,000. Because Hardson disputed a loss amount greater than $16,961, the enhancement was made based on facts neither proven to a jury nor admitted by Hardson, resulting in a Sixth Amendment violation of her rights. *See Paz*, 405 F.3d at 948 (noting that "under *Booker*, the Sixth Amendment right to trial by jury is violated where *under a mandatory guidelines system* a sentence is increased because of enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury.") (quotation omitted).

We must disregard error, however, if it is clear, beyond a reasonable doubt, that the error did not contribute to the sentence imposed. *Id*. at 948-49. On this record, we cannot hold the error to be harmless. It is evident from the sentencing transcript that, if the district court had not been bound by the sentencing guidelines, Hardson's sentence would have been shorter. Hardson was sentenced to 15 months imprisonment, but the district court imposed an alternative 10-month sentence if the guidelines were found to not apply. In *Paz*, we held that the government could not meet its burden to show harmless error where the district court stated that it would have imposed a shorter sentence if the guidelines were found to be unconstitutional. *Paz*, 405 F.3d at 949. Like *Paz*, the constitutional error in the instant case was not harmless beyond a reasonable doubt. Thus, we vacate the sentence and remand for resentencing.[1]

**VACATED AND REMANDED.**

---

[1]Hardson has abandoned any claim with respect to the guidelines range. Thus, we agree with the government that on remand the court should not reopen the calculations underlying the range. *See United States v. Mesa*, 247 F.3d 1165, 1171 n.6 (11th Cir. 2001) (noting that by failing to raise an issue during first appeal, the defendant abandoned that argument on remand). *United States v. Fiallo-Jacome*, 874 F.2d 1479, 1481-83 (11th Cir. 1989) (refusing to consider an issue where criminal defendant failed to raise an issue on the defendant's first appeal, and later tried to raise the issue in a subsequent appeal, stating that the defendant would not be given "two bites at the appellate apple"). The court, however, is not of course bound to sentence within this range.

5