**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John FIALLO–JACOME,**
**Defendant–Appellant.**

No. 86–5862.

United States Court of Appeals,
Eleventh Circuit.

June 8, 1989.

Milton M. Ferrell, Jr., Joseph Beeler, Miami, Fla., for defendant-appellant.

**1480**

Dawn Bowen, Linda Collins Hertz, Dawn Bowen, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before RONEY, Chief Judge, VANCE, Circuit Judge, and KAUFMAN *, Senior District Judge.

FRANK A. KAUFMAN, Senior District Judge:

Appellant John Fiallo–Jacome, along with David King Brenner and Anthony Martinelli, was indicted in a nine-count indictment. Martinelli pled guilty; the trials of Brenner and Fiallo–Jacome were severed and Fiallo–Jacome's case was set for trial. During that trial, Brenner testified pursuant to a grant of use immunity. The jury found Fiallo–Jacome guilty upon six of the eight counts but not upon the two other counts.[1] Subsequently, Brenner pled guilty and was sentenced to ten years of confinement, fined $15,000 and given a five-year special parole term. Fiallo–Jacome was sentenced by the same judge who had presided at his trial, accepted Brenner's guilty plea and sentenced Brenner. Fiallo–Jacome's total sentence was twenty-eight years of imprisonment, a special parole term of twenty years and a fine of $100,000.

In *United States v. Fiallo–Jacome,* 784 F.2d 1064 (11th Cir.1986), in which this Court considered appeals by Fiallo–Jacome and by Brenner, this Court held that the sentence imposed upon Fiallo–Jacome under the combination of Counts II and III violated double jeopardy principles and, accordingly, remanded to the district court for resentencing of Fiallo–Jacome. That double jeopardy contention constituted Fiallo–Jacome's "sole" argument upon his first appeal. *Id.* at 1066. As to Brenner, the "only one issue" raised by him in his appeal was "that his fifth amendment right against self-incrimination was violated when he was sentenced by the same district judge who heard his immunized, compelled testimony during Fiallo–Jacome's trial." *Id.* at 1067. In that regard, the Government confessed error under the Justice Department's internal guidelines. Accordingly, this Court remanded for resentencing of Brenner before a different judge. Subsequently, Brenner was resentenced by a different district judge to three years of confinement, and Fiallo–Jacome was resentenced by the same district judge who had tried and originally sentenced him, to a total of twenty-eight years of confinement, twenty years of special parole, and a $75,000 fine.[2]

Fiallo–Jacome is represented in this appeal by new counsel who did not represent him in any proceeding in this case prior to this appeal. Most of the facts pertinent to this second appeal are set forth in the opinion of this Court upon the first appeal, and will not be repeated. However, our earlier opinion did not highlight certain uncontroverted facts or other "facts" alleged by Fiallo–Jacome in this second appeal. The reason for such lack of highlighting in our first opinion is that none of the contentions stated by Fiallo–Jacome in the within appeal was alluded to by him in the first appeal, although *all* of the factual predicates upon which each of such contentions rests were entirely or largely available in the combination of the records of the trial of Fiallo–Jacome and the proceedings in connection with the first sentencings of Fiallo–Jacome and Brenner. Accordingly, there is no reason known to this Court, other than the different approach of new counsel for Fiallo–Jacome, as to why each issue stated in this appeal could not have been raised the first time this case was

---

* Honorable Frank A. Kaufman, Senior U.S. District Judge for the District of Maryland, sitting by designation.

1. Fiallo–Jacome was named a defendant in all of the nine counts except Count IX. He was found not guilty by the jury with respect to Counts VI and VII.

2. As a result of the resentencing of Fiallo–Jacome, the total fine was reduced from $100,000 to $75,000; otherwise, the total sentence remained the same. No question has been raised by Fiallo–Jacome with regard to the appropriateness of the resentencing pursuant to this Court's remand.

before this Court. It is in that context that the Government questions the jurisdiction of this Court and, alternatively, raises the bar of waiver. In addition, the Government, on the merits, denies the existence of error at trial. The trial errors raised in this appeal by Fiallo–Jacome include the contention that the prosecutor purposely misled the trial judge, the jury and Fiallo–Jacome by concealing the existence of a *de facto* plea understanding between Brenner and the prosecutor under the guise of Brenner's lack of full cooperation with the Government and/or change of mind by Brenner and the need for use immunity to cause Brenner to testify; and that, accordingly, Fiallo–Jacome's opportunity fully to cross-examine Brenner was unlawfully limited. Other trial errors asserted in this appeal by Fiallo–Jacome are that his right to confront Brenner was further inappropriately restricted by rulings of the trial judge; that the trial judge also otherwise unfairly restricted defense counsel and made prejudicial comments about defense counsel's tactics in front of the jury; that the prosecutor's closing argument contained impermissible inflammatory reference to Fiallo–Jacome as a "plain dope pusher"; and that all such alleged errors, individually and totally, deprived Fiallo–Jacome of his right to a fair trial.

### Jurisdiction and Waiver

28 U.S.C. § 1291 provides that "[t]he courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States...." Fiallo–Jacome has, pursuant to Federal Appellate Rule of Procedure 4, timely noted his appeal from the judgment and the resentencing upon remand. Therefore, this Court has jurisdiction in this appeal, and the Government's contention to the contrary is without merit. But the Government's waiver argument is more persuasive. Fiallo–Jacome could have raised each contention which he has stated in this second appeal the first time round on appeal to this Court. He failed so to do. Perhaps he did, in one way or another, state at trial the contentions he now advances in this appeal. To the extent he did

not so do, it may be that Fiallo–Jacome did not have knowledge during his trial, and even during his own first sentencing, of all of the information which became available to him subsequently as the result of the first sentencing of Brenner. At that last-mentioned time, it was suggested by Brenner's counsel and the prosecutor that Brenner refused to testify against Fiallo–Jacome without compulsion because of his fear of what the latter's family might do to him and also that, in any event, the prosecutor preferred for tactical reasons to immunize Brenner rather than to make further attempts to enter into a plea agreement with him. But if pressure was in fact exerted upon Brenner by Fiallo–Jacome's family, Fiallo–Jacome may have known of the same during his trial. No factual inquiry in the district court in that regard is revealed by the record before us.

An appellant in a criminal case may not raise an issue for the first time in a reply appellate brief, *United States v. Benz*, 740 F.2d 903, 916 (11th Cir.1984), *cert. denied*, 474 U.S. 817, 106 S.Ct. 62, 88 L.Ed.2d 51 (1985), or for the first time in a petition for rehearing by an appellate court, *United States v. Richards*, 646 F.2d 962, 963 (5th Cir.1981). Furthermore, an appellant should raise all trial errors "in his appeal of the judgment and sentence." *Parks v. United States*, 832 F.2d 1244, 1246 (11th Cir.1987). *See United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Richards v. United States*, 837 F.2d 965, 967 (11th Cir.1988). Those last cited cases arose in the context of quests for collateral relief under 28 U.S.C. § 2255 in which "a convicted defendant must show both cause excusing his failure to raise the issues at a proper earlier review stage and actual prejudice resulting from the errors"—a "showing, more stringent than the 'plain error' standard" applicable on direct appeal, be it a first or second appeal. *Parks v. United States, supra* at 1245.

The question of whether a convicted defendant is deemed to have waived his right to raise on a second appeal from judgment and sentence an issue which he has not

raised in his first appeal may present a case of first impression, at least in this Court. But there are many clear suggestions of the answer to that question in our earlier opinions. A criminal defendant can waive his right to appeal from his judgment by absconding either after his trial and conviction, *United States v. Holmes*, 680 F.2d 1372 (11th Cir.1982), *cert. denied*, 460 U.S. 1015, 103 S.Ct. 1259, 75 L.Ed.2d 486 (1983), or by absconding during his trial and remaining a fugitive until after his trial and conviction, *United States v. London*, 723 F.2d 1538 (11th Cir.1984). In a civil setting, Judge Wisdom wrote in *Martin v. Atlantic Coast Line R.R. Co.*, 289 F.2d 414, 416 (5th Cir.1961):

> This Court gave the appellant precisely the relief she requested on the first appeal. The district court generously carried out our instructions on remand. On remand, the appellee had no opportunity to counter the new contention [now made in this second appeal] with evidence and argument below. The district court had no opportunity to consider the question [raised in this second appeal]. It is too late in the game for the appellant to seek new relief and a change in the rules. We cannot try cases piecemeal simply because after a second trial and in writing a brief on a second appeal, the attorneys generate an idea they should have advanced by specification of error on the first appeal.

What occurred in *Martin* in a civil setting is precisely what appears to have occurred in this criminal appeal.

In *United States v. Arlt*, 560 F.2d 200 (5th Cir.1977), in which the defendant unsuccessfully appealed from his judgment and conviction, "his sole contention [on his first appeal] was that the district court should have allowed him to be represented by counsel." *United States v. Arlt*, 567 F.2d 1295, 1296 (5th Cir.1978). After his first unsuccessful appeal, and seemingly, without any further proceedings in the district court or elsewhere, the defendant attempted a second appeal. Thereupon, this Court, in a per curiam opinion, wrote that the "second appeal is not properly before this Court," and that "even if this second

appeal were properly before this Court," the contentions were "without merit." *Id.* at 1297.

In *United States v. Williams*, 621 F.2d 123 (5th Cir.1980), the Government successfully appealed from a directed verdict of acquittal entered by the district court after a jury verdict of guilty. Therefore, the case was remanded to the district court with instructions to reinstate the jury verdict and to proceed to sentencing. After the district court so did, Williams appealed. Judge Goldberg, after noting the issues on appeal, wrote:

> Before proceeding to the merits, we should first explain why this criminal defendant is being afforded two opportunities for appellate review.
>
> In the first appellate incarnation of *U.S. v. Williams*, this defendant appeared before us in the role of appellee. As such, he was allowed only to respond to the government's arguments. If in the earlier appeal Williams had sought to raise the arguments he now brings before us, his cross-appeal would have been dismissed for want of jurisdiction; as the victor in the district court, Williams was not then an aggrieved party entitled to review. Moreover, as the defendant in a criminal action, he could not come before this court in the role of appellant until he had been sentenced.... It was only after the district court's directed verdict of acquittal had been reversed, the case remanded, and a sentence had been imposed, that Williams could raise the arguments he now urges upon the court in this appeal. Since this is the first time Mr. Williams could appear before us in the role of appellant, we conclude that this case is now properly before us.
>
> Having explained why Mr. Williams is getting two bites at the appellate apple, we now move on to the core issues in this appeal.

*United States v. Williams*, 679 F.2d 504, 507 (5th Cir.1982) (footnote and citations omitted).

In the within appeal, there is no reason why Fiallo–Jacome should get "two bites at the appellate apple," and we will not afford

him the same. Accordingly, the judgment of the district court is

AFFIRMED.