55 F.3d 685
 312 U.S.App.D.C. 120
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
David Ray, Appellant.
 No. 94-3154.
 United States Court of Appeals, District of Columbia Circuit.
 May 18, 1995.
 
 Before: WILLIAMS, GINSBURG, AND RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on appeal from the United States District Court for the District of Columbia, and was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C. Cir R. 36(b).
 
 
 2
 Neither of appellant's contentions warrants reversal of his conviction. In his original appeal, United States v. Ray, 21 F.3d 1134 (D.C. Cir. 1994), Ray failed adequately to make the argument he raises in this appeal -- that we must reverse his bank robbery convictions because the district court's jury instructions were "inaccurate and misleading." Ray therefore waived the right to raise that argument. See Williamsburg Wax Museum, Inc. v. Historic Figures, Inc., 810 F.2d 243, 250 (D.C. Cir. 1987); United States v. Fiallo-Jacome, 874 F.2d 1479, 1481 (11th Cir. 1989). Moreover, even if Ray could properly raise that argument here, the district court's instructions do not amount to plain error. Fed. R. Crim. P. 52(b). The court specifically gave separate and distinguishable instructions on the different offenses.
 
 
 3
 Ray also argues that he was entitled to a downward departure under the Sentencing Guidelines for acceptance of responsibility. U.S.S.G. Sec. 3E1.1. His argument is unpersuasive. "The Guidelines explicitly tell judges that they normally should deny the two-point [acceptance of responsibility] reduction to a defendant who does not plead guilty." United States v. Jones, 997 F.2d 1475, 1478 (D.C. Cir. 1993) (in banc) (citing U.S.S.G. Sec. 3E1.1, comment. (n.2)), cert. denied, 114 S. Ct. 741 (1994). The district court had discretion to conclude that, particularly in light of Ray's statements before trial, Ray's case was not one of the "rare situations" in which a defendant, despite his decision to go to trial, "clearly demonstrates acceptance of responsibility for his offense." See U.S.S.G. Sec. 3E1.1 & comment. (n.2). Therefore, it is
 
 
 4
 ORDERED and ADJUDGED, by the court, that the judgment of the district court is hereby affirmed.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See D.C. Cir. R. 41(a)(1).