**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 8 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

EDWARD LEROY PRICE,

     Defendant-Appellant.

No. 96-3279
(D.C. No. 93-40039-01-DES)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **KELLY**, Circuit Judges.

Defendant-Appellant, Edward Leroy Price ("Price") appeals his sentence

imposed under the United States Sentencing Guidelines for his conviction of

conspiracy to possess methamphetamine with intent to distribute in violation of

21 U.S.C. § 846. Price's counsel has determined that Price's appeal is wholly

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, *res judicata*,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

frivolous. Accordingly, counsel has filed both a motion to withdraw as attorney of record and a corresponding Anders brief outlining Price's argument. See Anders v. California, 386 U.S. 738 (1967).

Upon review of Price's's arguments, we find the appeal wholly frivolous. Therefore, we grant counsel's request and affirm Price's sentence.

## BACKGROUND

After being convicted possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 846, and of possession of 2.25 kilograms of marihuana in violation of 21 U.S.C. § 841(a)(1), the district court sentenced Price to life imprisonment for the methamphetamine conviction, and to 240 months for the marihuana conviction. (ROA, Vol. I, Doc #51, at 2). Price appealed his sentence to this court and argued that under 21 U.S.C. § 841(b)(1)(D), the maximum penalty for a conviction involving less than 50 kilograms of marihuana for a person with Price's criminal history is 120 months. See United States v. Price, 75 F.3d 1440 (10th Cir.), cert. denied, 116 S. Ct. 1889 (1996). We agreed and remanded the case to the district court "with instructions to vacate the marijuana sentence and conduct further sentencing proceedings consistent with this opinion." Id. at 1446.

Consistent with our mandate in Price, the district court vacated its earlier sentence for the marihuana conviction and resentenced Price to 120 months, to be

served concurrently with the life sentence earlier imposed for the methamphetamine conviction. (ROA, Vol. I, Doc #83, at 2). Price now appeals.

In his Anders brief, Price's counsel only addressed the issue of whether the district court improperly sentenced Price for his marihuana conviction. With regard to that issue, Price's counsel related that he "can no find no issues which merit the attention of this Court that have not already been decided in [Price, 75 F.3d 1440]." (Anders Brief, at 3). Pursuant to Anders, we provided Price with a copy of counsel's Anders brief and allowed him time "to raise any points that he chooses." Anders, 386 U.S. at 744. In his pro-se petition, Price claimed that the district court improperly sentenced him with regard to the methamphetamine conviction as well as with regard to the marihuana conviction. Specifically, Price argued that the sentencing court sentenced him to life for the methamphetamine conviction upon finding that Price had two prior felony drug convictions when Price, in fact, had only been convicted once before.

In its response brief, the government pointed out that Price had failed to make a single argument with regard to how the district court erred in re-sentencing him to 120 months for the marihuana conviction. Price agreed with the government in his reply brief and conceded the propriety of the marihuana sentence. (Pro se reply brief, at 3). Thus, the only issue before us now concerns the sentenced imposed for the methamphetamine conviction.

Anders provides that if we find Price's appeal wholly frivolous, we should grant counsel's request to withdraw and proceed to a decision on the merits. Only "if [we] find any of the legal points arguable on their merits (and therefore not frivolous) [must we], prior to decision, afford the indigent the assistance of counsel to argue the appeal." Anders, 386 U.S. at 744. Upon review of Price's arguments, we find the appeal wholly frivolous. Accordingly, we grant counsel's request to withdraw as attorney of record, and proceed to a decision on the merits.

**DISCUSSION**

Price argues that the district court's imposition of a life sentence for his methamphetamine conviction constitutes plain error because it was predicated upon a finding of two prior felony drug convictions when Price had only been convicted once before. We conclude that we are without jurisdiction to review Price's challenge to the methamphetamine sentence.

Price made his "single conviction" argument below before the first appeal. At that time, the district court relied upon our holding in United States v. Pace, 981 F.2d 1123, 1131-32 (10th Cir. 1992) to find "that the prior offenses of which the defendant was convicted were separate criminal episodes and did not amount to a single act of criminality . . . . They shall therefore be counted as separate prior convictions for purposes of increasing the defendant's sentence under 21

U.S.C. § 841." (ROA, 2nd supp. Vol II, at 10-11). When Price appealed his sentence to this court the first time, Price did not challenge the district court's finding of separate criminal episodes. Price limited his appeal to three issues: (1) whether the district court erred in denying a motion to suppress; (2) whether the government complied with Rule 16, Fed. R. Crim. P.; and (3) whether the district court erred in sentencing defendant to 240 months for the marihuana conviction. See Price, 75 F.3d at 1441.

A panel of this court affirmed "the district court's pretrial suppression and discovery rulings" and remanded "with instructions to vacate the marijuana sentence and conduct further sentencing proceedings consistent with this opinion." Id. at 1446. Thus, the prior convictions issue was not raised by Price on his first appeal, and our remand to the district court was limited to the marihuana conviction.

We cannot review Price's challenge at this point because we lack jurisdiction to review challenges raised for the first time on a second appeal where the remand from the first appeal does not reopen the entire order. United States v. Webb, 98 F.3d 585, 589 (10th Cir. 1996), cert. denied, 1997 WL 49021 (Feb. 24, 1997); see also United States v. Fiallo-Jacome, 874 F.2d 1479, 1481-82 (11th Cir. 1989) (holding that issues that a criminal defendant failed to raise in a first appeal generally may not be raised in a second appeal). This is because

"'[t]he grant of remand on appeal does not reopen the order appealed from; instead, remand commences a new proceeding which will ultimately terminate in another final order. The first final order cannot be challenged in an appeal of the second final order.'" Id. (quoting United States v. Mendes, 912 F.2d 434 (10th Cir. 1990)).

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court. Moreover, we GRANT counsel's request to withdraw on the grounds that Price's appeal is without merit.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge