[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 12, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10656
Non-Argument Calendar

_____

D. C. Docket No. 01-01416-CV-T-17-TBM

SOPHIA J. GIBBONS,

Plaintiff-Appellant,

versus

REGINA TWIGG,
LORETTA SCHWARTZ-NOBEL,
RANDOM PUBLISHING OF CANADA,
RANDOM PUBLISHING OF NEW YORK,
VILLARD BOOKS,
COLUMBIA PICTURES,
TRI-STAR VIDEO, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 12, 2005)**

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Sophia J. Gibbons brings this case to us for the third time. In Gibbons v. Twigg, No. 02-11252 (decided September 30, 2002) (11th Cir. 2002) (unpublished) (Gibbbons I), we affirmed the district court's dismissal of her claims brought under 42 U.S.C. § 1983, and remanded the case for a determination of whether the district court had diversity jurisdiction over her state law claims.

On remand, Gibbons moved the court to recuse, asserting that it showed bias and prejudice towards her as a result of "several highly questionable and inconsistent rulings" entered against her during the course of the proceedings. The court denied her motion. On June 17, 2003, the court dismissed her state law claims for lack of diversity jurisdiction, finding that Regina Twigg, like Gibbons, was a resident of Florida. The court based its decision on affidavits filed by Twigg in which she indicated, among other things, that she had a Florida driver's license until 1999, when she obtained a Georgia license, but that she renewed her Florida license on June 4, 2002. Gibbons appealed the court's judgment, and we affirmed.

In Gibbons v. Twigg, No. 03-13618 (decided March 16, 2004) (11th Cir. 2004) (unpublished) (Gibbons II), we affirmed the district court's decision dismissing appellant's state law claims, but instructed the court to correct the

docket sheet entry to indicate that the dismissal was without prejudice.

On January 19, 2005, Gibbons moved the district court pursuant to Fla. R. Civ. P. 1.540(b) to set aside the order of dismissal (that was before us in Gibbons II). Because the Florida Rules of Civil Procedure do not apply in federal civil cases and Gibbons was proceeding pro se, the court treated the motion as having been filed pursuant to Fed. R. Civ. P. 60(b)(2) and (3). Those Rule 60(b) provisions authorize the district court to relieve a party from the judgment entered against it on grounds of newly discovered evidence or fraud and must be invoked within one year after the judgment is rendered. The court denied Gibbons's motion as untimely. Gibbons now appeals, challenging that ruling and the court's previous denial of her motion to recuse. We review both rulings for abuse of discretion.

Because Gibbons filed her motion to set aside the order of dismissal more than one year after the district court entered its judgment, the motion was untimely and the court did not abuse its discretion in denying it.

As for the recusal issue, it is obvious that Gibbons could have raised that issue in her appeal in Gibbons II, but she did not. Therefore, she has abandoned her claim that the district court should have recused. See Martin, 289 F.2d at 416-417 (disregarding argument made by appellant on second appeal when the

3

argument could have been asserted in the first appeal); see also United States v. Fiallo-Jacome, 874 F.2d 1479, 1482 (11th Cir. 1989) (holding that criminal defendant waived his right to raise issues on his second appeal that could have been raised during his first appeal).

**AFFIRMED.**