[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 9, 2005
THOMAS K. KAHN
CLERK

No. 05-10903
Non-Argument Calendar

_____

D. C. Docket No. 94-00062-CR-T-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRY LINDSEY ARTIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(December 9, 2005)

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Jerry Lindsey Artis appeals his conviction for conspiracy to

possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. Artis contends that the district court erred when it denied a motion to suppress wiretap recordings. Artis argues that the district court erred in not suppressing the wiretap evidence because the government failed to (a) have the recordings sealed in a timely manner, pursuant to 18 U.S.C. § 2518(8)(a); and (b) provide a satisfactory explanation for the delay. The government responds that the law-of-the-case doctrine prevents us from addressing the merits of this issue.

Under the law-of-the-case doctrine, an issue decided at one stage of a case is binding at later stages of the same case. *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997). More specifically, a legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation, and the party is deemed to have waived the right to challenge that decision at a later time. *Id.* Accordingly, when a defendant fails to appeal an issue when the opportunity is presented, he abandons that argument. *United States v. Mesa*, 247 F.3d 1165, 1171 n. 6 (11th Cir. 2001). Litigants, then, are not to be given "two bites at the appellate apple." *United States v. Fiallo-Jacome*, 874 F.2d 1479, 1482-83 (11th Cir. 1989).

Other than a belated and unsuccessful attempt to amend his 28 U.S.C.

2

§ 2255 motion to vacate to add a claim, the record demonstrates that Artis never presented the wiretap-sealing issue to any court until this appeal. Artis never raised this issue despite having previously appealed his conviction following the wiretap ruling and despite having coappellants who raised at least one issue concerning the district court's wiretap ruling. By not raising this issue in his original appeal, we conclude that Artis waived it. We decline to give Artis a second bite at the apple. Accordingly, we affirm his conviction.

**AFFIRMED.**