[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13312
Non-Argument Calendar

_____

D. C. Docket No. 04-00077-CR-T-26-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL RAMIREZ GARZON,
MIGUEL ATILANO GARCIA,
JESUS LOPEZ RAMIREZ,
JOSE GENARO FIGUEROA PLATA,
REYMUNDO CABRERA RUELAS,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 27, 2007)**

Before TJOFLAT, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Manuel Ramirez Garzon, Miguel Atilano Ramayo Garcia, Jose Genaro Figueroa Plata, and Reymundo Cabrera Ruelas appeal their sentences, and Jesus Lopez Ramirez appeals his conviction. All five defendants were convicted for conspiracy to possess and attempted possession with intent to distribute five kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii). They appeal, arguing that the district court erred in applying various enhancements and/or failing to apply various adjustments and that the district court's sentences were unreasonable. We AFFIRM.

## I. BACKGROUND

The United States Coast Guard apprehended the defendants, among others, off the coast of Mexico aboard two "go-fast" vessels, while en route to meet another vessel that was transporting 4,853 kilograms of cocaine. A federal grand jury indicted Jesus Lopez Ramirez, Manuel Ramirez Garzon, Miguel Atilano Ramayo Garcia, Jose Genaro Figueroa Plata, and Reymundo Cabrera Ruelas on a two-count superseding indictment on 12 August 2004. All five defendants were convicted for conspiracy to possess and attempted possession with intent to distribute five kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), and

2

(j), and 21 U.S.C. § 960(b)(1)(B)(ii).  The district court sentenced Ruelas and

Garcia to serve 360 months of imprisonment, Plata to serve 329 months of

imprisonment, and Garzon and Ramirez to serve 235 months of imprisonment.

On the defendants' initial appeal, we affirmed their convictions and vacated

and remanded their sentences based on the government's concession of error, in

light of Booker.  United States v. Ramirez, 174 Fed. Appx. 530 (11th Cir. 2006)

(per curiam).  At resentencing, the district court sentenced Ruelas and Garcia to

serve 300 months of imprisonment, Plata to serve 264 months of imprisonment,

and Ramirez and Garzon to serve 235 months of imprisonment.

## II.  DISCUSSION

A.  Law of the Case Doctrine

As an initial matter, several defendants raise sentencing issues that are not

properly before us.  "Under the law-of-the-case doctrine, an issue decided at one

stage of a case is binding at later stages of the same case."  United States v.

Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997) (citation omitted).  One

aspect of this doctrine is that lower court rulings that have not been challenged on a

first appeal will not be disturbed in a subsequent appeal.  See id. (explaining that "a

legal decision made at one stage of the litigation, unchallenged in a subsequent

appeal when the opportunity existed, becomes the law of the case for future stages

3

of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time") (citation omitted); United States v. Fiallo-Jacome, 874 F.2d 1479, 1481-83 (11th Cir. 1989) (deciding that a defendant waives his right to raise in second appeal issues not raised in first appeal). But a court is not bound by a prior ruling if (1) new evidence that is substantially different is presented; (2) controlling authority has since made a contrary decision of the law applicable to such issues; or (3) the decision was clearly erroneous and would work a manifest injustice. Escobar-Urrego, 110 F.3d at 1561 (citation omitted).

Garcia and Ruelas both argue for the first time that the district court clearly erred in applying a boat-captain enhancement, under U.S.S.G. § 2D1.1(b)(2)(B). Garcia argues for the first time that the district court clearly erred in applying an obstruction-of-justice enhancement, under U.S.S.G. § 3C1.1, based on the court's finding that he threatened witnesses. Plata argues for the first time that the district court clearly erred in failing to grant him a minor-role adjustment, under U.S.S.G. § 3B1.2. Defendants have not identified new evidence or intervening law, nor have they explained how the district court's ruling would work a manifest injustice. Because the defendants failed to challenge these lower court rulings in their original appeal, we will not address them now. See id. at 1560-61. In

4

addition, we will not address Ramirez's argument challenging the district court's jurisdiction because we denied his jurisdictional argument and affirmed his conviction in his first appeal, Ramirez, 174 Fed. Appx. 530, and Ramirez does not argue that any of the limited exceptions to this doctrine are applicable. See Venn v. St. Paul Fire & Marine Ins. Co., 99 F.3d 1058, 1063 (11th Cir. 1996) ("Under the law of the case doctrine, both the district court and the appellate court are generally bound by a prior appellate decision of the same case.").

There are three issues that remain before us. We will address each issue, with respect to the appellant who raises it, in turn.

After the Supreme Court's opinion in Booker, we review sentences for reasonableness, with the Guidelines applied as advisory. United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005) (per curiam); United States v. Winingear, 422 F.3d 1241, 1244-45 (11th Cir. 2005) (per curiam) (citations omitted). The district court must follow a two-step process to determine a defendant's sentence by (1) consulting the Guidelines and correctly calculating the Guideline range; and (2) considering the factors under 18 U.S.C. § 3553(a). Talley, 431 F.3d at 786. As to the Guidelines calculation, "[w]e review a district court's factual findings for clear error and its application of the Guidelines de novo." United States v. Moriarty, 429 F.3d 1012, 1021 (11th Cir. 2005) (per curiam) (citation and internal quotations

omitted).

B.  Obstruction of justice enhancement

According to U.S.S.G. § 3C1.1, a two-level enhancement is proper, if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction . . . ."  "Perjury, for purposes of applying this enhancement, has been defined by the United States Supreme Court as 'false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.'" United States v. Singh, 291 F.3d 756, 763 (11th Cir. 2002) (quoting United States v. Dunnigan, 507 U.S. 87, 94, 113 S.Ct. 1111, 1116 (1993)).

Here, both Plata and Ruelas contest the district court's imposition of this enhancement.[1]  The district court did not clearly err in applying this enhancement because both the jury and the court found that each defendant's testimony was in direct conflict with the rest of the evidence.  The jury convicted Plata and Ruelas of the charges set forth in the indictment, and, therefore, disbelieved their testimony that they did not conspire to possess and attempt to possess with intent to distribute

---

[1] Although only Plata raised this issue in his initial appeal, Ruelas effectively adopted his argument in his brief in the first appeal.  Ruelas made a general statement adopting his codefendants' relevant arguments, and the basis for this enhancement, perjury, was the same for both defendants.

five kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States. It thus follows that Plata and Ruelas's trial testimony, given under oath, was perjured, particularly where the court found that each defendant had lied when they stated that they were only searching for a yacht. Accordingly, we hold that the district court did not err in its calculation of the Guidelines.

C. Sixth Amendment

When a district court applies the Guidelines as advisory, nothing in Booker prohibits the district court from making, under a preponderance-of-the-evidence standard, additional factual findings that go beyond a defendant's admission. United States v. Chau, 426 F.3d 1318, 1323-24 (11th Cir. 2005) (per curiam).

Ruelas and Garcia's argument that the district court may not make any judicial findings of fact is without merit. As long as the district court applies the Guidelines as advisory at resentencing, there is no constitutional error when the court makes findings of fact based on a preponderance of the evidence. Id. Here, the district court applied the Guidelines as advisory at resentencing, and therefore, the court did not violate Ruelas and Garcia's Sixth Amendment rights when it found them responsible for a quantity of drugs greater than the amount found by the jury. See id. at 1320-21, 1324 (addressing drug quantity). Insofar as they argue that the court erred in a similar fashion by imposing an obstruction-of-justice

7

enhancement, this argument fails for the same reason.  See id. at 1324.

D.  Reasonableness

As stated previously, we review sentences for reasonableness.  Talley, 431

F.3d at 785.  After the guidelines are calculated correctly, the sentencing court

must consider the factors in 18 U.S.C. § 3553(a) including:

> (1) the nature and circumstances of the offense and the history and
> characteristics of the defendant; (2) the need to reflect the seriousness
> of the offense, to promote respect for the law, and to provide just
> punishment for the offense; (3) the need for deterrence; (4) the need to
> protect the public; (5) the need to provide the defendant with needed
> educational or vocational training or medical care; (6) the kinds of
> sentences available; (7) the Sentencing Guidelines range; (8) pertinent
> policy statements of the Sentencing Commission; (9) the need to
> avoid unwanted sentencing disparities; and (10) the need to provide
> restitution to victims.

Id. at 786 (citing 18 U.S.C. § 3553(a)).  "[N]othing in Booker or elsewhere

requires the district court to state on the record that it has explicitly considered

each of the § 3553(a) factors or to discuss each of the § 3553(a) factors."  United

States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).  We noted in Scott that the

district court had explicitly acknowledged that it had considered the § 3553(a)

factors.  Id. at 1329-30.  In addition, although we have rejected a per se rule, we

have explained that a sentence within the applicable guideline range has the

expectation of reasonableness.  Talley, 431 F.3d at 788.  Review for

reasonableness is deferential, and there are a range of sentences that are reasonable.

8

Id. The party who challenges the sentence has the burden of proving that the sentence is unreasonable in light of the record and the § 3553(a) factors. Id.

Here, Garzon, Plata, Ruelas, and Garcia contest the reasonableness of their sentences. For all the defendants, the district court correctly calculated their respective guideline ranges, considered the guidelines advisory, and either sentenced within or below each defendant's applicable guideline range. Additionally, any argument that we should overrule Scott is without merit because only this Court sitting en banc or the Supreme Court may overrule a prior panel decision. See Morrison v. Amway Corp., 323 F.3d 920, 929 (11th Cir. 2003). After reviewing the record and considering each defendant's arguments, we hold that none of the defendants has shown that the district court imposed an unreasonable sentence under the factors in § 3353(a).

## III. CONCLUSION

Upon careful review of the parties' briefs and the record, we **AFFIRM** each defendant's sentence.