[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 13, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-10987
Non-Argument Calendar

_____

D. C. Docket No. 02-20851-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENSEL JOSEPH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 13, 2007)**

Before TJOFLAT, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

In this criminal sentencing appeal, we consider whether the law-of-the-case

doctrine bars us from considering Joseph's factual challenges to a presentence investigation report ("PSI"). The district court considered the PSI's account of past offenses when determining the sentence. We AFFIRM.

## I. BACKGROUND

Hensel Joseph pled guilty to four counts of bank robbery in exchange for an oral agreement that the government would recommend sentencing at the low end of the range established by sentencing guidelines. The probation officer compiled a PSI to determine which guideline range applied to Joseph. For the first count, the officer assigned a base offense level of 20, applied a two-level enhancement for taking property of a financial institution, and another two-level enhancement for intimidation because Joseph told the teller that he had a gun. After another enhancement, of one level for amount of loss, the first count had an adjusted offense level of 25.

The second and third counts were each assigned a base offense level of 20. Each received a two-level enhancement for taking property of a financial institution and a three-level enhancement for gesturing that he had a gun. Counts Two and Three, like Count One, had an adjusted offense level of 25. The fourth count was assigned a base offense level of 20, plus two for taking property of a financial institution, plus another two-level enhancement for threat of death,

2

resulting in an adjusted offense level of 29.

The probation officer then added a multiple count adjustment of one unit to each of Counts One through Three, bringing the overall adjusted offense level to 29. Joseph received an enhancement for his career offender status, which took his total to 32. A three-level reduction for his acceptance of responsibility brought to the total adjusted offense level to 29. Joseph's criminal history totaled 16 points of offenses, resulting in a category VI criminal history. The guidelines indicated a range of 151 to 188 months of imprisonment for Joseph's criminal history and adjusted offense level.

At his first sentencing hearing, Joseph made factual challenges to the PSI: first, that his 1999 theft conviction was a misdemeanor petty theft rather than grand theft; second, that his 1999 drug conviction was for possession, rather than delivery, of a controlled substance. Joseph objected to several other factual statements in the PSI, relating to, among other things, his familial history and medical condition and diagnosis. Joseph also objected that one of his prior felony convictions was listed as a qualifying offense for his career offender classification. He acknowledged, though, that his factual objections were "in the nature of clarification[,]" and that, even if he were correct with regard to the erroneously listed qualifying offense, two other prior convictions would "result in a career

3

offender classification."

The court addressed Joseph's factual objections to the PSI.  First, the probation officer acknowledged that the 1999 theft offense should have been listed as a misdemeanor, though such designation did not change Joseph's criminal history points for that offense.  The court then instructed the probation officer to amend the PSI to indicate that it was adjudicated as a misdemeanor.  Second, after hearing a factual dispute between Joseph and the probation officer, the court directed that the PSI be amended to indicate that "according to Joseph," the 1999 drug offense was a misdemeanor possession conviction and not a delivery conviction.  The court also ordered amendments to factual statements contained in paragraphs 96, 98, 104, 123, 129, and 139 of the PSI to reflect Joseph's written and oral objections as to those issues.  Later, the probation officer revised the PSI to reflect the amendments made at the sentencing hearing.

Joseph presented other arguments for a lesser sentence.  He sought a downward departure based on diminished capacity and objected to enhancements for use of a firearm and threats of death and his classification as a career offender under Blakely v. Washington, 542 U.S. 2965 (2004).

The court overruled all of Joseph's objections pursuant to Blakely.  The court denied Joseph's request for a downward departure based on the information

4

contained in the PSI and because Joseph's crimes involved a serious threat of violence.

Before imposing its sentence, the court noted, among other things, that Joseph was a career offender, was at an offense level 29 after a reduction for acceptance of responsibility, had a criminal history category of VI, and a guideline imprisonment range of 151 to 188 months. The court also noted that Joseph's criminal history indicated a need to incarcerate him to protect the public, and his 16 criminal history points were more than needed for category VI. The court further emphasized that Joseph's criminal offenses had not subsided in the last 12 years.

The court observed that a sentence at the bottom of the guideline range was sufficient to punish Joseph and to provide deterrence. The court sentenced Joseph to 151 months of imprisonment as to Counts One through Four, to be served concurrently, and it also ordered Joseph to pay restitution to the victim banks totaling $20,528.92.

On direct appeal, Joseph only argued that United States v. Booker, 543 U.S. 220 (2005) required that his sentence be vacated and the case remanded for resentencing. We agreed and vacated Joseph's sentence and remanded the case for resentencing.

At the resentencing hearing, Joseph renewed his previous objections to the PSI and the court responded that it was reiterating all of its prior guideline findings and rulings that it had made during the initial sentencing hearing. Joseph also objected that paragraph 61 in the PSI, which listed his qualifying offenses for his career offender status, was in error. Specifically, Joseph asserted that his 1999 conviction for delivery of a controlled substance was, in fact, only a possessory offense.[1] Joseph acknowledged that he was a career offender and that his objection would not change that fact, as he had two other qualifying offenses. He indicated, though, that his objection might have some impact on the court's considerations in resentencing him.

Joseph also asked for a below-guidelines sentence in the range of 104 to 120 months of imprisonment. In rejecting Joseph's request, the court noted that this case involved "four bank robberies with the threat of harm and/or guns in those robberies" and recited Joseph's prior convictions. In addition to Joseph's career offender status, the court found significant the facts that Joseph had 16 criminal history points, that his criminal record reflected a steady progression of crimes from the age of 18, that he committed the instant offenses less than six months after being released from prison for the commission of another crime, and that his

_____

[1] Joseph previously objected to this offense at his initial sentencing hearing, although he referenced paragraph 80 of the PSI, rather than paragraph 61.

crimes had not grown less serious as time had passed. Given the nature and number of crimes committed in this case, Joseph's sentence was "necessary to protect society even if he was not a career offender as a legal matter under the guidelines," and "it seem[ed] to [the court] that in all practical terms he [was] a career offender."

The district court determined that its previously-issued total sentence of 151 months of imprisonment, to be served concurrently, was appropriate under the advisory guidelines scheme. The court also ordered restitution to the victim banks in the total amount of $20,528.92.

## II. DISCUSSION

Joseph now brings his second appeal, alleging that factual errors in the PSI resulted in an erroneous sentence that violated his due process rights. Specifically, Joseph makes three challenges to the PSI's factual accuracy, each of which he raised in the first two sentencing hearings. He argues that his 1993 conviction for simple assault was wrongly recorded as a felony aggravated assault; that his 1998 theft conviction was wrongly recorded as a felony, rather than a misdemeanor; and that his 1999 conviction for possession of a controlled substance was incorrectly counted as a conviction for delivery of a controlled substance.

The government argues that Joseph waived the right to challenge the PSI's

factual accuracy by failing to do so in his first appeal, which focused only on Booker. The government contends that, through the law-of-the-case doctrine, Joseph's failure to raise his objections regarding his PSI in his first appealforecloses our consideration of his factual challenges here. We agree.

The law-of-the-case doctrine provides that "an issue decided at one stage of the case is binding at later stages of the same case." United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997) (citation omitted). We have held that "an appellant should raise all trial errors in his appeal of the judgment and sentence." United States v. Fiallo-Jacome, 874 F.2d 1479, 1481-83 (11th Cir. 1989) (citations and internal quotation omitted). "We have recognized narrow exceptions to this doctrine, where there is new evidence, an intervening change in controlling law dictat[es] a different result, or the appellate decision, if implemented, would cause manifest injustice because it is clearly erroneous." United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996) (citation omitted).

The law-of-the-case doctrine applies here. Joseph failed to raise in his first appeal those specific facts of the PSI that he now challenges in his second appeal. Moreover, no exception to the law-of-the-case doctrine applies in this case. There is no new evidence, nor has relevant law changed. We do not believe that "manifest injustice" or a "clearly erroneous" decision results from applying the

8

law-of-the-case doctrine.  Joseph objected to the factual accuracy of the PSI in the district court and, despite Joseph's allegations that the corrections were not made in the PSI itself, we see no reason to believe that the district court erred in its duties as a finder of fact.

## III. CONCLUSION

Because Joseph failed to appeal the issues he now raises in his second appeal, the law-of-the-case doctrine bars Joseph's appeal of the PSI's factual accuracy.  We **AFFIRM**.