[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14889
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 2, 2012
JOHN LEY
CLERK

D.C. Docket No. 9:95-cr-08089-DTKH-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY ALPHONSO PARSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 2, 2012)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Gary Alphonso Parson, a federal prisoner, pro se appeals the district court's

denial of his post-conviction motion to "amend the record," filed pursuant to Federal Rule of Criminal Procedure 36 ("Rule 36"). After review, we affirm.[1]

## I. BACKGROUND

In 1996, a jury convicted Parson of conspiracy to possess with intent to distribute cocaine base. Parson was sentenced to life imprisonment. On direct appeal, Parson challenged his conviction, but not his sentence. This Court affirmed. See United States v. Hutchins, 181 F.3d 107 (11th Cir. 1999) (table).

Parson later filed a 28 U.S.C. § 2255 motion to vacate his sentence arguing, based on Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), that his indictment did not allege a drug quantity and his life sentence exceeded the statutory maximum authorized by the jury's verdict. The district court denied Parson's § 2255 motion because Apprendi does not apply retroactively on collateral review. This Court denied a certificate of appealability.

Parson filed a second § 2255 motion, arguing that he was "factually innocent" of the life sentence because drug quantity was not alleged in his indictment or proven to a jury. The district court dismissed Parson's second § 2255 motion for failure to obtain this Court's authorization pursuant to 28 U.S.C.

---

[1]We review de novo the application of Rule 36 to correct a district court's sentencing judgment. United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004).

§ 2244(b)(3).

Parson then filed the present motion which, while citing to Rule 36, argued that the 1996 sentencing court erred in determining the quantity of drugs attributable to Parson and Parson's role in the offense for purposes of calculating the applicable guidelines range.

In a September 28, 2011 order, the district court denied Parson's Rule 36 motion because Rule 36 authorizes only the correction of clerical mistakes, and Parson's motion did not identify any clerical mistakes meriting correction. The district court noted that even if it construed Parson's pleading as one seeking relief under § 2255, it would be denied, because Parson had not obtained leave to file a successive motion, as required by § 2244(b)(3). Parson filed this appeal of the district court's September 28, 2011 order.

## II. DISCUSSION

Rule 36 allows a court to correct "a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Rule 36 does not allow for a substantive correction or alteration to a criminal sentence. United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004). Rule 36 is intended for situations where, for example, the written judgment needs to conform to the oral sentence. Id.

Even construed liberally, Parson's appellate brief does not challenge the district court's finding that Parson's Rule 36 motion did not identify a clerical error in his sentence. Further, a review of Parson's Rule 36 motion indicates that the district court is correct. Parson's Rule 36 motion raised only a substantive challenge to his sentence and did not point to any clerical error with respect to his sentence. Accordingly, the district court properly denied Parson's Rule 36 motion.

On appeal, Parson argues only that in 1996 the sentencing court erred in making findings as to drug quantity and role in the offense.[2] However, Parson needed to (but did not) raise these alleged sentencing errors in his direct appeal from the judgment and sentence; he cannot raise them fifteen years later in a post-conviction motion. See United States v. Fiallo-Jacome, 874 F.2d 1479, 1482-83 (11th Cir. 1989).

**AFFIRMED.**

---

[2]Parsons does not contend that he intended to challenge his sentence under § 2255. In any event, the district court lacked subject matter jurisdiction to consider a § 2255 motion because Parson has not obtained permission from this Court to file a successive § 2255 motion. See 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).