[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 19-14309
Non-Argument Calendar

————————————————

D.C. Docket No. 1:00-cr-00425-JIC-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL KNOWLES,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(July 2, 2020)

Before WILSON, ROSENBAUM and MARCUS, Circuit Judges.

PER CURIAM:

Samuel Knowles appeals from the district court's order of forfeiture of

substitute assets ("the substitute forfeiture order"), which encompassed proceeds

from the sale of property he owned in Canada.  The order at issue here followed from

a multi-million-dollar forfeiture judgment the sentencing court had originally entered against Knowles upon his convictions and sentences, which arose out of his role as a leader in an international drug-trafficking conspiracy.  In a previous appeal, Knowles challenged his convictions and sentences -- including an argument that the original forfeiture order violated international law because a forfeiture count was not included in the Bahamian government's warrant of surrender -- and we affirmed. United States v. Knowles, 390 F. App'x 915, 935-36 (11th Cir. 2010).  In this appeal, Knowles argues that: (1) the substitute forfeiture order is invalid because the government did not present evidence that his property is directly traceable to his personal criminal conduct, rather than that of his co-conspirators; and (2) the government is estopped from ordering forfeiture of the Canadian proceeds as substitute property because it knew about that property at the time of sentencing, but did not include it in the original forfeiture order.  After thorough review, we affirm.

Generally, we review the district court's legal conclusions concerning forfeiture de novo, and its findings of fact for clear error.  United States v. Puche, 350 F.3d 1137, 1153 (11th Cir. 2003).  However, objections or arguments that are not raised in the district court are reviewed for only plain error.  United States v. Evans, 478 F.3d 1332, 1338 (11th Cir. 2007).  We've held that a defendant does not get "two bites at the appellate apple" and is deemed to have waived his right to raise an argument on a second appeal that was not raised in his first appeal.  United States

2

v. Fiallo-Jacome, 874 F.2d 1479, 1481-83 (11th Cir. 1989) (quotations omitted). Further, under the law-of-the-case doctrine, our findings of fact and conclusions of law generally are binding in all subsequent proceedings in the trial court or on a later appeal. United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997).

Under 21 U.S.C. § 853(a), any person convicted of an offense punishable by imprisonment for more than one year must forfeit to the government, in relevant part: "(1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; [and] (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation." 21 U.S.C. § 853(a)(1)-(2). The government must prove the elements of criminal forfeiture by a preponderance of the evidence. United States v. Dicter, 198 F.3d 1284, 1289-90 (11th Cir. 1999).

Section 853(p), however, authorizes a district court to order the forfeiture of "any other property of the defendant," up to the value of the directly forfeitable property described in § 853(a), if the directly forfeitable property, due to the defendant's acts or omissions,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property which cannot be divided without difficulty.

Id. § 853(p)(1)-(2). We've held that the word "any" in § 853(p) is a broad word that "does not mean some or all but a few, but instead means all," and have affirmed the forfeiture order of substitute property that was not involved in or traceable to the defendant's crime. United States v. Fleet, 498 F.3d 1225, 1229 (11th Cir. 2007).

Fed. R. Crim. P. 32.2 provides that a preliminary order of forfeiture is final as to the defendant upon its entry at sentencing. Fed. R. Crim. P. 32.2(b)(4)(A). Nonetheless, Rule 32.2(e) provides that, upon the government's motion, a district court may "at any time" enter or amend an order of forfeiture to include, in relevant part, "substitute property that qualifies for forfeiture under an applicable statute." Fed. R. Crim. P. 32.2(e)(1)(B). Rule 32.2(e) further provides that, if the government shows that the defendant's property is subject to forfeiture as substitute property, the court must enter an order forfeiting that property. Fed. R. Crim. P. 32.2(e)(2)(A).

In Honeycutt v. United States, the case relied upon by Knowles, the defendant was charged for various federal crimes as a result of working as an employee of a store that sold a product known to be used to manufacture methamphetamine, and the Sixth Circuit determined that he and the owner of the store each bore full responsibility for the entire criminal forfeiture judgment. 137 S. Ct. 1626, 1630-31 (2017). The Supreme Court reversed, holding that criminal forfeiture under § 853(a) was limited to property that the defendant personally had obtained in relation to the

4

crime, and thus, the principles of joint and several liability did not apply to forfeiture judgments. Id. at 1633-35. The Court reasoned that, because the defendant had no controlling interest in the store and did not personally benefit from the sales, he never personally obtained property as a result of the crime, and criminal forfeiture under § 853 was therefore not required. Id. at 1635.

Here, the only question before us is whether the district court erred by ordering the forfeiture of Knowles's Canadian proceeds as substitute property.[1] While Knowles did not object or otherwise respond to the government's motion for the district court to order the forfeiture of substitute assets, it is unclear whether Knowles had adequate time to respond. We need not decide whether to apply de novo or plain error review, however, because Knowles's claim fails under either standard.

For starters, we are unpersuaded by Knowles's claim that the substitute forfeiture order is invalid because the government did not present any evidence that

---

[1]    Knowles also attempts to challenge the original forfeiture order on the ground that, under Honeycutt, the multi-million-dollar forfeiture amount was not attributable to Knowles's offenses, but that claim is not properly before us. Indeed, Knowles already directly appealed the original order to this Court on different grounds, see Knowles, 390 F. App'x at 935-36, and he does not get "two bites at the appellate apple." Fiallo-Jacome, 874 F.2d at 1481-83. And even if this issue were properly before us, Knowles's argument is meritless because the district court properly instructed the jury that the government had the burden of proving that it was more likely than not that the forfeiture amount was attributable to Knowles's offenses. 21 U.S.C. § 853(a)(1)(2); Dicter, 198 F.3d at 1289-90. Moreover, under the law-of-the-case doctrine, we are bound by our finding in his earlier appeal that Knowles was a "leader" with decision-making authority and a high degree of participation in the drug conspiracy. Escobar-Urrego, 110 F.3d at 1560. Knowles therefore directly or indirectly "obtained" $13.9 million in proceeds from the drug conspiracy himself, and thus, unlike in Honeycutt, those proceeds were directly forfeitable under § 853(a). See Honeycutt, 137 S. Ct. at 1633-35; 21 U.S.C. § 853(a)(1)-(2).

any of the Canadian property is directly traceable to his personal criminal conduct. By definition, substitute property can be "any" property and is only forfeitable because the traceable and directly forfeitable property is unavailable. See 21 U.S.C. § 853(p); Fleet, 498 F.3d at 1226, 1229.

Further, no evidence suggests that the government knew about the Canadian property or proceeds at the time of sentencing -- rather, the affidavit of Virginia Hodge, a Federal Bureau of Investigation special agent involved in the criminal investigation of Knowles, said that the government only "recently" became aware of it. In any event, even if the government was aware of the Canadian property or proceeds at the time of sentencing, Knowles does not point to any caselaw to support his claim that the government cannot seek forfeiture of substitute property that it knew about at the time of the original sentencing but did not include in the original forfeiture order. To the contrary, the government was authorized to bring a motion for forfeiture of substitute property "at any time" and could not have included the Canadian proceeds in the original order, since it has never claimed that these were related to the crime. See 21 U.S.C. § 853(a)(1)-(2); Fed. R. Crim. P. 32.2(e)(1)(B).

Finally, the district court showed, through the uncontroverted evidence found in Hodge's affidavit, that Knowles's directly forfeitable property could not be located through the exercise of due diligence, as a result of his own acts or omissions. Dicter, 198 F.3d at 1289-90. As a result, pursuant to Fed. R. Crim. P. 32.2(e)(2)(A),

6

the district court was required to order the forfeiture of the Canadian proceeds, and

we affirm.

**AFFIRMED**.