[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10769
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20820-BB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KHALED ELBEBLAWY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 4, 2021)

Before WILLIAM PRYOR, Chief Judge, JORDAN and GRANT, Circuit Judges.

PER CURIAM:

Khaled Ebeblawy appeals an amended forfeiture order entered on remand from this Court following convictions for conspiracy to commit health care fraud and wire fraud, 18 U.S.C. § 1349, and conspiracy to defraud the United States and pay health care kickbacks, *id.* § 371. Ebeblawy argues that the district court violated the Sixth Amendment by not requiring a jury to find beyond a reasonable doubt the amounts for his forfeiture order, erred in calculating the amounts attributed to him, and erred by not reexamining his restitution order on remand. The United States responds that Ebeblawy's arguments are either barred by the law of the case or outside the scope of the earlier remand. We affirm.

Elbeblawy worked as a managing employee at Willsand Home Health Agency, Inc., from 2006 to 2009, an owner and operator of JEM Home Health Care, LLC, from 2006 to 2011, and a manager/owner of Healthy Choice Home Health Services, Inc., from 2009 to 2013. Although Willsand, JEM, and Healthy Choice purported to provide home health care and services to Medicare beneficiaries, Elbeblawy and his co-conspirators managed and operated them for purposes of fraudulently billing Medicare for services that were neither medically necessary nor provided and were procured through the payment of kickbacks.

We review *de novo* compliance with our mandate from an earlier appeal. *United States v. Amedeo*, 487 F.3d 823, 829 (11th Cir. 2007). A district court must implement "both the letter and spirit of the mandate." *Pelletier v. Zweifel*, 987 F.2d

2

716, 718 (11th Cir. 1993). A district court on remand cannot examine a mandate "for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded." *United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 1996) (quotation omitted). Under the law-of-the-case doctrine, "an issue decided at one stage of a case is binding at later stages of the same case." *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997). And we are bound to follow a prior-panel precedent unless and until it is overruled by this Court sitting *en banc* or by the Supreme Court. *United States v. Vega-Castillo,* 540 F.3d 1235, 1236 (11th Cir. 2008).

Elbeblawy's argument that the Sixth Amendment required a jury to determine the forfeiture amounts on remand fails. The Supreme Court has held that "the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional protection." *Libretti v. United States*, 516 U.S. 29, 49 (1995). And we held in his earlier appeal, *United States v. Elbeblawy*, 899 F.3d 925 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1322 (2019), that Elbeblawy's argument was foreclosed by *Libretti*. *Id.* at 941. So both precedent and the law of the case bar Elbeblawy's argument that a jury was required to determine the forfeiture amounts.

3

Settled law also governs our review of the amounts in a forfeiture order. We review legal conclusions *de novo* and findings of fact for clear error. *Id.* at 933. A district court, "in imposing [a] sentence on a person convicted of a Federal health care offense, shall order the person to forfeit property, real or personal, that constitutes or is derived, *directly or indirectly*, from gross proceeds traceable to the commission of the offense." 18 U.S.C. § 982(a)(7) (emphasis added). The government bears the burden of proving the elements of criminal forfeiture by a preponderance of the evidence. *United States v. Dicter*, 198 F.3d 1284, 1289–90 (11th Cir. 1999).

In *Honeycutt v. United States*, 137 S. Ct. 1626, 1633–35 (2017), the Supreme Court held that a criminal forfeiture under a similar statute, 21 U.S.C. § 853(a), was limited to property that the defendant personally had obtained in relation to the crime, and that joint and several liability did not apply. The Supreme Court reasoned that section 853(a) requires that the defendant directly or indirectly "obtain" property as the result of the crime, and a defendant does not "obtain" property that was acquired by someone else. *Id.* at 1632–33. But it distinguished the defendant from a "mastermind" of a conspiracy who obtains the property, whether directly or indirectly. *Id.* at 1633. Since *Honeycutt*, we have held that conspiracy leaders or "masterminds" who control criminal enterprises jointly acquire the proceeds of the conspiracy with their co-conspirators. *United States v.*

4

*Cingari*, 952 F.3d 1301, 1305–06 (11th Cir. 2020) (finding defendants liable for a forfeiture money judgment in the total amount of the proceeds generated by the business that profited from the fraud, which they jointly owned).

We held in Elbeblawy's earlier appeal that *Honeycut* applies to a forfeiture under section 982(a)(7) because, like section 853, the statute reaches only property traceable to the commission of the offense. *Elbeblawy*, 899 F.3d at 941. We explained that section 982(a)(7) requires forfeiture of "property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense," and section 982(a)(7) "incorporates many of the provisions on which *Honeycutt* relied in rejecting joint and several liability." *Id.* (quotation marks omitted).

The district court did not clearly err in calculating the amounts in the amended forfeiture order. It correctly applied *Honeycutt* and held Elbeblawy liable only for the gross proceeds he directly or indirectly obtained from his role in the conspiracy offense. The district court found that Elbeblawy was not jointly and severally liable for the gross proceeds traceable to Willsand because he was only an employee in Willsand's health care fraud scheme, not a "mastermind" with a controlling interest. The district court entered a forfeiture money judgment only in the amount of $239,000 because Elbeblawy obtained gross proceeds in that amount from his annual salary at Willsand as a direct result of the crime. The district court

also found that Elbeblawy owned a controlling interest in JEM and Healthy Choice and served as the "mastermind" of those criminal enterprises. He directly and indirectly benefited from the patient referrals and claims filed by his co-conspirators and was liable for a forfeiture money judgment for the entire amount of the gross proceeds traceable to those Medicare-fraud schemes. The district court committed no error in finding that Elbeblawy indirectly obtained and was liable for 90 percent of the JEM and Healthy Choice proceeds.

The district court also committed no error in not revisiting Elbeblawy's restitution order. We have held that a defendant is not entitled to "two bites at the appellate apple" and is deemed to have waived his right to raise an argument that he failed to raise in his first appeal. *United States v. Fiallo-Jacome*, 874 F.2d 1479, 1481–83 (11th Cir. 1989). Elbeblawy waived any challenge to the restitution order by not raising it in his earlier appeal.

**AFFIRMED.**