[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2008
THOMAS K. KAHN
CLERK

No. 07-15291
Non-Argument Calendar

_____

D. C. Docket No. 05-10018-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LORME KELLY DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 3, 2008)**

Before ANDERSON, BLACK and HULL, Circuit Judges.

PER CURIAM:

Lorme Kelly Davis appeals his 135-month sentence imposed on remand for conspiracy to possess with the intent to distribute cocaine while on board a vessel. Davis asserts two issues on appeal: (1) the district court erred by failing to apply a minor-role reduction; and (2) his sentence was unreasonable as the district court failed to consider sentencing disparities with his co-defendants. We affirm Davis's sentence.

I.

Davis contends the district court erred by rejecting his request for a minor-role reduction. In response, the Government asserts Davis waived this issue by withdrawing his request for such a reduction at his first sentencing hearing and not raising it in his prior direct appeal.

Where a defendant knowingly invokes and then waives his objection, we will not review the objection on appeal. *See United States v. Masters*, 118 F.3d 1524, 1526 (11th Cir. 1997). Further, "an appellant should raise all trial errors in his appeal of the judgment and sentence," and an appellant is deemed to have waived his right to raise issues on a second appeal which he did not raise in his first. *United States v. Fiallo-Jacome*, 874 F.2d 1479, 1481-82 (11th Cir. 1989) (quotations omitted). We reasoned that appellants should not get "two bites at the appellate apple." *Id.* at 1482. A district court need not consider an argument at re-

sentencing seeking a sentencing adjustment for a timely guilty plea that was not raised during a previous sentencing or during the first appeal. *United States v. Mesa*, 247 F.3d 1165, 1170-71 (11th Cir. 2001). "Requiring the district court to consider the argument [not raised at the first re-sentencing or on the first appeal] at the second re-sentencing following our remand would give defendants incentive to introduce sentencing objections in a piecemeal fashion and would allow them (by their waiting to advance the argument anew at re-sentencing) to avoid the difficult burden of 'plain error' review in their first appeal." *Id.* at 1171.

Davis withdrew his request for a minor-role reduction at his first sentencing hearing and failed to raise the issue on his first appeal. Thus, Davis has waived this argument. Davis objected to the PSI claiming it should have included a minor-role adjustment but informed the court at his first sentencing hearing that he would "withdraw that minor role request." Where a defendant invokes and then waives an objection, the Court does not review it on appeal. *See Masters*, 118 F.3d at 1526. In addition, Davis failed to raise this argument during his first appeal, and we have held issues not raised during a first appeal are waived on a second appeal. *See Fiallo-Jacome*, 874 F.2d at 1481-82. Finally, the facts of this case are similar to those in *Mesa* where the court held that where a defendant does not raise an objection in a previous sentencing or on appeal, the re-sentencing

court need not consider it. *See Mesa*, 247 F.3d at 1170-71. For these reasons, Davis waived the right to appeal the denial of a minor-role adjustment, and we do not review the merits of this argument.

II.

Next, Davis contends his sentence is unreasonable. Davis asserts he was less culpable than his co-defendants and it is plainly unreasonable for him to receive a longer sentence than they did.

When reviewing for reasonableness, we apply the deferential abuse-of-discretion standard. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). This Court:

> must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence–including an explanation for any deviation from the Guidelines range.

*Id.* After we conclude the district court made no procedural errors, we "should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.*

Review for substantive reasonableness under the abuse-of-discretion standard involves inquiring whether the factors in 18 U.S.C. § 3553(a) support the

4

sentence in question. *Id.* at 600. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). The weight accorded to the § 3553(a) factors is within the district court's discretion. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir.) *cert. denied*, 128 S. Ct. 671 (2007). The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct, (C) to protect the public from further crimes of the defendant, and (D) to provide the defendant with needed educational or vocational training or medical care; (3) the kinds of sentences available; (4) the Sentencing Guidelines range; (5) pertinent policy statements of the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; (7) and the need to provide restitution to victims. *See* 18 U.S.C. 3553(a)(1)-(7). Although we do not apply a presumption of reasonableness to a sentence within the Guidelines range, "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Talley*, 431 F.3d at 788.

The district court considered the sentences of Davis's co-defendants and the § 3553(a) factors in imposing its sentence. The record supports the district court's decision to impose a longer sentence on Davis; therefore, Davis has failed to establish that his sentence is unreasonable. First, the court stated it had considered all the § 3553(a) factors, including § 3553(a)(6)–the need to avoid unwarranted sentencing disparities. In addition, the court acknowledged it had considered and compared his sentence to that of his co-defendants. Thus, Davis's argument the court erred by failing to consider § 3553(a)(6) is without merit.

The weight accorded the sentencing factors is within the district court's discretion, and Davis has not met his burden of establishing the court committed an abuse of discretion in weighing them in this case. *See Amedeo*, 487 F.3d at 832. Davis's argument his sentence is unreasonable partially overlaps with his argument that he deserved a minor-role adjustment, *i.e.* his role was less culpable than that of Morales and Ellis, so his sentence should be more in line with theirs. Since the district court did not need to consider the issue of a minor-role adjustment,[1] this argument, in and of itself, is insufficient to establish the court abused its discretion re-sentencing him. Regardless, the court considered the other

---

[1] Davis waived this argument as discussed in Issue I.

defendants' sentences along with the other § 3553(a) factors, and Davis has failed to establish the court abused its discretion in how it weighed those factors.

Further, the record supports the district court's imposition of a longer sentence on Davis as there were mitigating factors that applied to Davis's co-defendants that were not present in his case. Carlos Hernan Garcia Morales was given a minor-role adjustment and was sentenced within a lower advisory Guidelines range as a result. Hidniberg O'Neill Archbold was the first of the co-defendants to agree to plead guilty, and the Government stated he aided their investigation and his sentence was reduced accordingly. Julito Bent Ellis received a lower sentence because of a degenerative heart condition. The record supports the district court's decision to sentence Davis to a longer sentence than his co-defendants as there were mitigating factors in their cases that were not present in his own.

We cannot conclude this within-Guidelines sentence, imposed after consideration of the § 3553(a) factors, is unreasonable. *See Talley*, 431 F.3d at 788. The district court did not abuse its discretion in sentencing Davis, and we affirm his sentence.

**AFFIRMED.**