[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15888
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 25, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:05-cr-00061-RBP-TMP-8

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROLAND PUGH CONSTRUCTION, INC.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 25, 2011)

Before TJOFLAT, CARNES and HULL, Circuit Judges.

PER CURIAM:

Roland Pugh Construction, Inc., ("PUGH") appeals a $19.4 million fine

levied as punishment for convictions for bribery, in violation of 18 U.S.C.

§ 666(a)(2), mail fraud, in violation of 18 U.S.C. § 1341, and conspiracy to bribe county officials in Jefferson County, Alabama, in violation of 18 U.S.C. § 371. After review, we affirm.

## I. BACKGROUND FACTS

At PUGH's original sentencing, the district court calculated a guidelines fine range of $61,580,216.99 to $87,971,738.56 and imposed a total fine of $19.4 million. On appeal, this Court, inter alia, affirmed the district court's findings of fact pertaining to PUGH's sentence and concluded that there was no error in the district court's calculations under the sentencing guidelines. United States v. McNair, 605 F.3d 1152, 1237-38 (11th Cir. 2010), cert. denied, 131 S. Ct. 1600 (2011). However, in light of the reversal of PUGH's conviction on Count 75 (on statute of limitations grounds), the Court vacated PUGH's sentence and remanded for resentencing without Count 75. Id. In a footnote, the Court noted that the reversal on Count 75 did not "appear to impact [PUGH's] overall sentence." Id. at 1238 n.143. The Court remanded "in an abundance of caution" because, at a minimum, Count 75 had to be removed. Id.

At resentencing, the district court reimposed the $19.4 million fine against PUGH, and directed the clerk to issue a refund check of $400 for the special assessment on the Count 75 conviction.

## II. DISCUSSION

On appeal, PUGH argues that the $19.4 million fine is (1) procedurally unreasonable because the district court failed to consider the pertinent sentencing factors in 18 U.S.C. § 3572, and (2) substantively unreasonable because it creates an unwarranted sentencing disparity with several of PUGH's codefendants who received substantially lower fines.

We review the reasonableness of a sentence under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). Our reasonableness review includes the district court's decision to impose a fine. See United States v. Bradley, __ F.3d __, No.06-14934, 2011 WL 2565480 at *67 (11th Cir. June 29, 2011).

In reviewing for reasonableness, we look first at whether the district court committed any significant procedural error, such as relying upon clearly erroneous facts, miscalculating the advisory guidelines range, treating the guidelines as mandatory or failing to consider the 18 U.S.C. § 3553(a) factors. Id.[1] Although

---

[1]The § 3553(a) sentencing factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

3

the district court must consider the sentencing factors, it is not required to state or discuss each factor on the record. Id. Rather, it is sufficient if "the record demonstrates that the pertinent factors were taken into account by the district court." United States v. Smith, 568 F.3d 923, 927 (11th Cir. 2009).

We next look at whether the sentence is substantively unreasonable in light of the totality of the circumstances, giving deference to the sentencing court. Bradley, 2011 WL 2565480 at *67. The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the sentencing factors. United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006). Although we do not apply a presumption, we ordinarily expect a sentence within the guidelines range to be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum is another indicator of a

---

In deciding whether to impose a fine, in addition to the § 3553(a) factors, the district court also considers the factors in § 18 U.S.C. § 3572(a), which include: (1) "the defendant's income, earning capacity, and financial resources"; (2) the burden on the defendant and others financially dependent upon the defendant "relative to the burden that alternative punishments would impose"; (3) "any pecuniary loss inflicted upon others as a result of the offense"; (4) the amount of any restitution; (5) "the need to deprive the defendant of illegally obtained gains from the offense"; (6) the government's expected costs of any imprisonment, supervised release or probation; (7) "whether the defendant can pass on to consumers or other persons the expense of the fine"; and (8) "if the defendant is an organization, the size of the organization and any measure taken by the organization to discipline any officer, director, employee, or agent of the organization responsible for the offense and to prevent a recurrence of such an offense." 18 U.S.C. § 3572(a)(1)-(8).

reasonable sentence. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

Here, PUGH does not raise any procedural irregularities except to argue that the district court "said nothing . . . to indicate its due consideration of any of the" § 3572(a) factors and gave "short shrift" to § 3572(a)(2), which requires consideration of the burden the fine will impose on the defendant.[2] It is readily apparent from the record that the district court explicitly and thoroughly considered the burden on PUGH.[3] Specifically, the district court considered: (1) PUGH's latest bankruptcy filing indicating that its only asset was a cash escrow account worth $19,580,216.55; (2) heard testimony from Andy Pugh (an officer of PUGH who was not indicted) about the current status of PUGH's business;[4] and

---

[2]To the extent PUGH argues that the district court should have considered U.S.S.G. § 8C3.3(b), the district court properly declined to revisit its findings and calculations under the guidelines. This Court already affirmed the district court's application of the guidelines in PUGH's first appeal, making them law of the case. See United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996) (explaining that an appellate decision binds the sentencing court on remand as to both explicit rulings and issues necessarily decided by implication); United States v. Fiallo-Jacome, 874 F.2d 1479, 1481-82 (11th Cir. 1989) (explaining that appellants on their second appeal should not get "two bites at the appellate apple").

[3]The financial burden on PUGH was one of only two § 3572(a) factors PUGH's mitigation arguments implicated. PUGH's other argument was that it had paid restitution to the county, which relates to § 3572(a)(4). See 18 U.S.C. § 3572(a)(4) (listing restitution made as a factor to consider in determining whether and to what extent to impose a fine).

[4]Pugh testified, inter alia, that he was involved in PUGH's bankruptcy and helped close the company down. At the time of resentencing, PUGH had finished all outstanding jobs, auctioned off its office building and property and was not currently doing any work.

(3) fully considered PUGH's argument that, if the fine remained the same, the company would go out of business.

In deciding to reimpose the same $19.4 million fine, the district court found that there were sufficient assets to allow the company to continue to conduct business, but that other factors, principally the debarment order prohibiting PUGH from working on federal projects and the economic downturn, prevented the company's viability. Given that the record shows the district court considered the § 3572(a)(2) factor, PUGH has not carried its burden to show the fine is procedurally unreasonable.

We also conclude that the $19.4 million fine is substantively reasonable. Although codefendants Roland Pugh and Rast Construction received lower fines, these fines were based on different guidelines calculations and a stipulated fine amount, respectively. Additionally, as the government notes, PUGH was convicted of more offenses and, as the district court found, made approximately $43 million in profit from the scheme. Thus, PUGH has not shown the district court failed to avoid an unwarranted sentencing disparity. See 18 U.S.C. § 3553(a)(6) (requiring sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"); McNair, 605 F.3d at 1232 (stating that a

district court may impose a higher sentence on a defendant if he is not "similarly situated" to his codefendants).

Here, despite an advisory guidelines fine range of $61,580,216.99 to $87,971,738.56, the district court fined PUGH only $19.4 million, less than one third of the minimum fine suggested by the guidelines and less than a quarter of the statutory maximum fine of approximately $87 million. In refusing PUGH's requested $5 million reduction in the fine to remain in business, the district court expressed doubt that additional assets would be used to keep PUGH viable rather than to pay "debts on the books owed to prior officers who were either directly culpable based upon the Corporation's involvement in this crime or even if not directly culpable, were certainly aware; or even if they weren't aware of the circumstances, it happened on their watch."[5]

We cannot say the district court abused its discretion by reimposing the $19.4 million fine.

**AFFIRMED.**

---

[5]On cross-examination, Andy Pugh conceded that the exhibit to PUGH's most recent bankruptcy filing was a balance sheet showing that the company had a liability of $310,000 for "officers' bonuses," and that the officers included himself and Grady Pugh, Roland Pugh and Eddie Yessick, each of whom was convicted in the bribery conspiracy. When asked whether he would want to pay the officers' bonuses if PUGH retained any money, Pugh said that "we would make a choice," and that the other choice would be simply to take all the money out of the company because it could not do any business.