[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13202
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cr-00023-RS-4


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACK ALLEN KELLY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(March 11, 2013)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Jack Kelly appeals his 240-month sentence after pleading guilty to

conspiracy to distribute methamphetamine, and possession of a firearm by a

convicted felon.  Kelly argues that the district court was mistaken when it decided that the plain language of his plea agreement allowed the government to seek a sentencing enhancement on his drug conspiracy charge, and when it failed to sentence him below the statutory maximum on his gun charge.

## I.    BACKGROUND

On June 22, 2011, a grand jury returned an indictment charging Kelly and fourteen codefendants with conspiracy to distribute methamphetamine, and various substantive offenses related to that conspiracy.  Specifically, Kelly was charged with conspiracy to distribute 500 grams or more of a methamphetamine mixture, and 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846 (Count I); three counts of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Counts III, V, and XI); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(l) and 924(a) (Count XII).

On August 2, the government filed notice that pending Kelly's conviction of "the drug offenses charged in the Indictment"—including the drug conspiracy offense (Count I)—it intended to seek an enhanced sentence under 21 U.S.C. § 851, based on Kelly's prior felony conviction for conspiracy to distribute methamphetamine.  Two days later, on August 4, Kelly entered into a written plea agreement with the government providing that he would plead guilty to Counts I

2

and XII (the conspiracy charge and the gun charge, respectively), and in return the government would move to dismiss Counts III, V, and XI (the possession with intent to distribute charges). The plea agreement stated, among other things, that Count I carried "a mandatory minimum of ten years' imprisonment, [and] a maximum of life imprisonment." It also provided that "the sentence to be imposed is left solely to the discretion of the District Court," and that "the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offense."

At Kelly's change-of-plea hearing, the district court explained the potential sentencing consequences of pleading guilty. As to Count I, the court noted that the government had provided notice of its intent to seek an enhanced sentence and emphasized that if the enhanced sentence applied, Kelly would face "a mandatory minimum of 20 years in prison." The district court then questioned Kelly to be sure that he understood that his sentence on Count I would vary depending upon whether it was enhanced, and that the ultimate decision as to sentencing remained with the district court. Kelly repeatedly affirmed that he understood the potential sentences that he faced, and also that he had sufficient time to talk to his lawyer about his possible sentences. Having determined that Kelly understood the charges, the plea agreement, and the sentencing possibilities, the district court adjudicated him guilty on Counts I and XII, and dismissed Counts III, V, and XI.

3

The Probation Office prepared a presentence investigation report (PSI) that calculated Kelly's guideline sentence to be 121 to 151-months imprisonment based on a total offense level of 31 and a criminal history category of II.  However, due to application of the § 851 enhancement, Kelly's minimum sentence on Count I was 240-months imprisonment.  At sentencing, Kelly did not object to the recommendations in the PSI; instead he requested a sentence below the mandatory minimum based upon his acceptance of responsibility and assistance to the government.  The district court rejected Kelly's request, and sentenced him to 240-months imprisonment on Count I, and 240-months imprisonment on Count XII, to be served concurrently, which the court believed was the "mandatory sentence required by statute."  Kelly did not object.

Kelly then appealed, arguing that he should have received a reduced sentence for having provided substantial assistance to the government, pursuant to U.S.S.G. § 5K1.1.  While his appeal was pending, Kelly filed a Motion for Relinquishment of Jurisdiction and Remand for Resentencing, arguing that he was illegally sentenced to 240-months imprisonment on Count XII because the statutory maximum for that charge is 120-months, and requesting that his sentence on Count XII be vacated and his case remanded for resentencing de novo.  We granted this motion in part, vacating Kelly's sentences as to Counts I and XII, and remanding for resentencing, but leaving to the district court's discretion "[t]he

4

decisions as to whether to conduct a resentencing hearing and as to the scope of any such hearing." See United States v. Kelly, No. 11-15241 (11th Cir. Mar. 27, 2012).

Before resentencing, the Probation Office revised the PSI, again determining that Kelly's guideline range was 121 to 151-months, based on a total offense level of 31 and a criminal history category of II. The revised PSI also stated, as before, that Kelly faced a minimum term of 240-months imprisonment on Count I, based on the § 851 enhancement. For Count XII, however, the revised PSI indicated that Kelly faced a maximum term of only 120-months imprisonment, pursuant to 18 U.S.C. § 924(a)(2). The PSI concluded that "[b]ecause the statutorily required minimum sentence as to Count 1 (240 months) is greater than the maximum of the applicable guideline range (151 months), the statutorily required minimum sentence of 240 months becomes the guideline sentence pursuant to [U.S.S.G.] §5G1.1(b)."

Kelly objected to the revised PSI, arguing that under the terms of his plea agreement he was ineligible for the § 851 enhancement on Count I. He also objected to the length of his sentence compared to those of his codefendants, and argued that his drug addiction was a disability. Kelly reiterated these objections at his resentencing hearing, and urged the district court to determine de novo whether the enhancement should apply to Count I.

5

After verifying that Kelly did not object to the § 851 enhancement at his plea hearing or his original sentencing hearing, or raise it as an issue on appeal, and that Kelly was warned regarding the possibility of the enhancement during his plea colloquy, the district court held that it was "not going to revisit the application of the enhancement" because there was "ample opportunity for that to have been raised . . . and it was not done." Turning to Count XII, the district court determined that the statutory maximum of 120-months imprisonment was appropriate, given "the seriousness of the presence of a firearm" in Kelly's drug distribution operation, and that Kelly had disregarded "the law that prohibits convicted felons from having firearms." In sum, the district court determined that a term of 240-months in prison—consisting of 240-months on Count I and 120-months on Count XII, each to run concurrently—was sufficient, but not greater than necessary "to comply with the statutorily defined purposes of sentencing." As before, Kelly did not object. This appeal followed.

## II.   DISCUSSION

### A.

Kelly's first argument is that the district court erred as a matter of law when it determined that his plea agreement "did not by its explicit terms void the earlier

filed enhancement information."[1]  We review de novo a district court's application

of the sentencing guidelines.  United States v. Spoerke, 568 F.3d 1236, 1245 (11th

Cir. 2009).  The guidelines provide, in pertinent part, that "[w]here a statutorily

required minimum sentence is greater than the maximum of the applicable

guideline range, the statutorily required minimum sentence shall be the guideline

sentence."  U.S.S.G. § 5G1.1(b).  Here, as required under 21 U.S.C. § 851(a)(1),

the government filed notice of its intent to seek an enhanced sentence on Count I

based on Kelly's prior felony drug conviction.  Kelly's prior drug conviction

exposed him to a mandatory minimum sentence of 240-months imprisonment on

Count I, under 21 U.S.C. § 841(b)(1)(A).  Once the district court accepted Kelly's

guilty plea as to Count I, it was obligated to sentence him to the 240-month

mandatory minimum if it determined that he had previously been convicted of a

---

[1] The government responds initially that we lack jurisdiction to consider this argument because in remanding Kelly's case for resentencing, we limited the district court's mandate to correcting the illegal sentence on Count XII, and thus the district court lacked jurisdiction to consider the sentencing enhancement issue.  This argument has no merit.  In accordance with our precedent, our order unambiguously vacated Kelly's "sentences," not just his sentence for Count XII, and left to the discretion of the district court "whether to conduct a resentencing hearing" and to determine "the scope of any such hearing."  Kelly, No. 11-15241; see United States v. Stinson, 97 F.3d 466, 469 (11th Cir. 1996) ("[W]hen a criminal sentence is vacated, it becomes void in its entirety; the sentence—including any enhancements—has been wholly nullified and the slate wiped clean." (quotation marks omitted)); United States v. Rogers, 848 F.2d 166, 169 (11th Cir. 1988) (holding that a district court, on remand for resentencing, has discretion to avoid "redo[ing] that which had been done correctly at the first hearing").  Because our remand order gave the district court discretion to consider whether the sentencing enhancement was properly applied, and because we undoubtedly have jurisdiction to hear "appeal[s] from . . . resentencing upon remand," see United States v. Fiallo-Jacome, 874 F.2d 1479, 1481 (11th Cir. 1989), we have jurisdiction to consider Kelly's argument here.

Alternatively, the government urges that Kelly waived the sentencing enhancement issue by failing to raise it at his initial sentencing hearing or on appeal.  Because Kelly's claim fails on the merits, we need not decide the issue of waiver.

felony drug offense as alleged in the government's notice. Id. § 851(d)(1) ("[I]f the court determines, after hearing, that the person is subject to increased punishment by reason of prior convictions, the court shall proceed to impose sentence upon him as provided by this part."); see also United States v. Clark, 274 F.3d 1325, 1328 (11th Cir. 2001) ("The sentencing guidelines make clear that where a guidelines range falls entirely below a mandatory minimum sentence, the court must follow the mandatory statutory minimum sentence."); cf. United States v. Brehm, 442 F.3d 1291, 1292 (11th Cir. 2006) (rejecting appellant's argument that the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), "permitted courts discretion as to the imposition of mandatory minimum sentences"). Kelly does not dispute that he was previously convicted of conspiracy to distribute methamphetamine, a felony drug offense. Therefore, the district court did not err in sentencing Kelly to the mandatory minimum 240-month term of imprisonment on Count I, due to the § 851 enhancement.[2]

B.

---

[2] Nothing in Kelly's plea agreement relieved the district court of its statutory obligation to impose the mandatory minimum sentence, nor could it. See Clark, 274 F.3d at 1328. Beyond that, nothing in the agreement made it reasonable for Kelly to believe that he would not be subject to the § 851 enhancement, if the court determined that the information in the government's notice was accurate. This is so because Kelly's plea agreement never mentioned the previously filed enhancement notice, but instead expressly provided for the possibility of "any mandatory minimum sentence prescribed by statute for the offense," and included an integration clause stating "[t]here are no other agreements between the [government] . . . and Jack Allen Kelly." Cf. United States v. Al-Arian, 514 F.3d 1184, 1192–93 (11th Cir. 2008) (noting the inclusion of an integration clause in the plea agreement to reject the appellant's argument that he reasonably understood the government to have implicitly agreed to certain terms).

Kelly also argues that his revised, guideline sentence of 120-months imprisonment on Count XII is unreasonable.  We review a sentence imposed by the district court for procedural and substantive reasonableness.  United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008).

Kelly concedes that the district court's calculation of his guideline range was procedurally correct.  See id. ("A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence.").  He argues, however, that his sentence is substantively unreasonable because it was out of proportion to sentences received by his codefendants, failed to account for his "efforts to cooperate" with the government, and also failed to account for his methamphetamine addiction.

We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  In determining whether a sentence is substantively reasonable, we are guided by the factors set forth in 18 U.S.C. § 3553(a).  United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005).  "These factors include the available sentences, the applicable Guideline range, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the

9

offense, promote respect for the law, provide just punishment for the offense, and provide the defendant with needed medical care." Id. (citing 18 U.S.C. § 3553(a)). "[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

We are not persuaded by Kelly's argument that his guideline sentence on Count XII is substantively unreasonable. In arriving at its sentencing determination, the district court expressly considered Kelly's conduct compared to his codefendants, as well as his drug addiction. The record is equally clear that the court heard argument regarding Kelly's cooperation with the government, even if that cooperation was not sufficient to warrant a recommendation for a reduced sentence under U.S.S.G. § 5K1.1. In sum, however, the court determined that these factors were outweighed by other § 3553(a) factors, particularly the seriousness of the offense, the need to promote respect for the law, and the need to provide just punishment. See Winingear, 422 F.3d at 1246. On this record we cannot say that the district court abused its discretion when it determined that a high-end guideline sentence was appropriate on Count XII.

### III.    CONCLUSION

For these reasons, Kelly's sentence is

**AFFIRMED.**

10